Dear Mr. Labat:
Reference is made to your recent request for an opinion of this office on behalf of Terrebonne Parish Council. Specifically, the Terrebonne Parish Council seeks our opinion regarding whether or not it is permissible to utilize the public funds of parish road lighting districts to install and maintain street lights along private streets and in mobile home park subdivisions that have not been publicly dedicated to, and properly accepted by, the Terrebonne Parish Government.
According to your correspondence, the voters of Terrebonne Parish have repeatedly approved the levy of ad valorem taxes for various road lighting districts, the tax proceeds of which are to be utilized for the provision of street lights within Terrebonne Parish. Specifically, your letter states:
 "The process [in Terrebonne Parish] allows street lights to be installed only after the Council approves the installation. Many requests for lights in private parking lots or to the rear of individual homes have regularly been denied.
 One question that has repeatedly come up is why can't street lights be installed in mobile home parks or other streets which have not been formally accepted by the Parish Government. Their argument is that, in many cases, the property owners pay the tax, yet are being denied the service."
You have also provided us with an opinion of the Parish's legal advisor, which opines that the Parish cannot legally expend public funds for the maintenance, upkeep or other charges associated with street lights within a private development on streets which were not dedicated to public use and remained private roadways. In spite of this opinion, which references La. Const. Art. VII, § 14, you advise that conflicts about the legality of the use of public funds for the installation of lights on private property have continued.
Please be advised that La. Const. Art. VII, § 14, generally prohibits the loan, pledge or donation of public funds, property or things of value to any person, association or corporation, public or private. Although we understand the Parish Council's interest in providing safe, well lit areas and roadways to its constituents, we must advise that if the Parish installs or maintains lights on private property, along private streets or roads, or in subdivisions of any sort where the streets or roads have not been properly dedicated and accepted for public use, the Parish is in essence donating a public thing of value to the owners of the property, streets or roads, in violation of La. Const. Art. VII, § 14. In this regard, we agree with the conclusion reached by the Parish's legal advisor.
We also call your attention to previous opinions of this office, which provide guidance in addressing the issues raised in your request. In Atty. Gen. Op. No. 76-649 determined that the Bienville Parish Police Jury could not use parish equipment or materials to blacktop driveways located on private property. Atty. Gen. Op. No. 77-1594 concluded that a Police Jury could not perform road work on private driveways and roads if the benefits of said work would inure only to the owner of the properties enhanced thereby and no substantial public purpose was served. Attorney General's Opinion No. 78-1643 concluded that the Catahoula Parish Police Jury could not expend public labor, materials or funds on the maintenance and repair of a road leading to one or even several residences, but not used by the public at large. Atty. Gen. Op. No. 96-42 determined that a municipality would be in violation of the constitution if it provided paving services, or any other service or labor, on private property which was anticipated to be, but was not yet donated to the municipality. Opinion No. 00-14 provides that the City-Parish of East Baton Rouge could not assume the cost of sewer line repairs to sewer lines located on private property, even though the City-Parish was obligated to the federal Environmental Protection Agency to reduce sewer discharge.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:dam
Date Released: August 1, 2002